NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED PARCEL SERVICE, INC., | |
| Plaintiff, | **OPINION** |
| v. | No. 2:12-cv-07515 (WHW) |
| EFASHION SOLUTIONS, LLC, | |
| Defendant. | |

**Walls, Senior District Judge**

Plaintiff the United Parcel Service ("Plaintiff" or "UPS") moves for entry of default judgment against eFashionSolutions ("Defendant"). The motion has been decided from the written submissions of the parties under Federal Rule of Civil Procedure 78. Plaintiff's motion is granted.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff UPS is a package delivery company and common carrier that contracts with customers to transport and deliver parcels. Compl. ¶¶ 2, 6 (ECF No. 1). On March 19, 2008, Plaintiff and Defendant entered into a contract under which Plaintiff agreed to provide shipping and related services to Defendant in exchange for Defendant's agreement to remit payment at certain specified rates (the "Carrier Agreement"). *See* Compl. Ex. A (ECF No. 1-1). The Carrier Agreement expressly incorporates the UPS Rate and Service Guide and the UPS Tariff/Terms and Conditions of Service in effect at the time of shipping.

Also on March 19, 2008, Plaintiff and Defendant executed an additional written contract that governs their conduct, specifically a UPS Carrier Agreement and Addendum thereto

(collectively the "Deferred Tier Contract"). The Carrier Agreement, UPS Rate and Service Guide, UPS Tariff, and Deferred Tier Contract, along with the UPS Source Document for each shipment, comprise the "Shipping Contract." *See* Compl. ¶ 10, Ex. A (ECF No. 1-1–1-8). Under the terms of the Shipping Contract, Plaintiff provided Defendant with shipping and related services on credit, and Plaintiff then rendered weekly invoices to Defendant, which Defendant agreed to pay. *Id.* ¶ 10.[1] On average, Defendant shipped more than a thousand packages per week with UPS, and for a certain period of time, Defendant paid Plaintiff's invoices as agreed. Compl. ¶ 12.

On September 28, 2011, Plaintiff contacted Defendant to express concern that Defendant's August 2011 payments were past due. *Id.* ¶ 13. Throughout October 2011, the parties discussed a repayment plan for the balance owed by Defendant, which included, in part, two one-time payments and Plaintiff's application of quarterly rebates to pay down the balance owed by Defendant. *Id.* ¶ 15. Those measures were insufficient to bring Defendant current on its payments, and despite Plaintiff's various attempts throughout 2011 and 2012 to get Defendant to implement a weekly payment plan to repay its outstanding balances, Defendant never committed to such a plan. *Id.*; Cert. of Denise D. Harris ("Harris Cert."), Ex. E Contact History (ECF No. 9-1).

There were ten accounts on Defendant's consolidated payment plan. The sum of the outstanding balances on nine of the ten accounts totaled the $379,811.49 owed to Plaintiff as of January 23, 2013. Harris Cert., Ex. B Cert. of David Reyes ¶ 4 (ECF No. 9-1). Since January 23, 2013, Plaintiff has obtained prepayments totaling $23,378.14 from Defendant. *See id.* Ex. B, D (ECF No. 9-1). Through the week ending on June 1, 2013, global credits totaling $1,579.38 were applied to Defendant's open balance, resulting in a net outstanding balance of $13,662.78 for

---

[1] The Deferred Tier Contract provided certain discounts and incentives to Defendant based on the cumulative net transportation charges per week, *see* Compl. Ex. A at 10 (ECF No. 1-1), but still required Defendant "to pay for all shipments in full within the time period required by UPS," *id.* at 8.

invoices dated between January 26, 2013 and June 1, 2013. *See id.* ¶ 6. The difference between Defendant's prepayments ($23,378.14) and outstanding balance ($13,662.78)—an amount of $9,715.36—was applied to Defendant's outstanding balance of $379,811.49 as of January 23, 2013, that was demanded in the complaint. *Id.* ¶ 7. The resulting balance is the sum certain—$370,096.13—demanded by Plaintiff in this motion for entry of default judgment. *Id.*

On December 17, 2012, Connie McGowan, the managing agent for the office of Kurt D. Olender, was personally served by Plaintiff with the summons and complaint. ECF No. 4. Kurt D. Olender, Esq. is listed as the agent for service of process for Defendant according to the New Jersey Business Entity Information and Records Service. *See* Harris Cert., Ex. A (ECF No. 9-1). On January 23, 2013, Defendant filed a request for default, which was entered by the Clerk of the Court that same day. ECF No. 5. Defendant has failed to plead or otherwise respond to the complaint or the Clerk's entry of default.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. The power to grant default judgment "has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (citations omitted). Because the entry of default prevents claims from being decided on the merits, courts do "not favor entry of defaults or default judgments." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984).

The Third Circuit considers three factors in determining "whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant

appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

In deciding a motion for default judgment, "the factual allegations in a complaint, other than those as to damages, are treated as conceded by the defendant." *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005). The court must, however, make "an independent inquiry into 'whether the unchallenged facts constitute a legitimate cause of action'" and "must make an independent determination" regarding questions of law. *Days Inn Worldwide, Inc. v. Mayu & Roshan, L.L.C.*, No. 06-cv-1581(PGS), 2007 WL 1674485, at *4 (D.N.J. June 8, 2007). Similarly, a court does not accept as true allegations pertaining to the amount of damages, and may employ various methods to ascertain the amount of damages due. While the court may conduct a hearing to determine the damages amount, Fed. R. Civ. P. 55(b)(2), a damages determination may be made without a hearing "as long as [the court] ensure[s] that there [is] a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997).

## DISCUSSION

### I. Default Judgment is Appropriate

This cause of action is based on the Defendant's breach of contract. The elements of such a claim are "(1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007). Here, the parties had a contract for shipping services, Defendant breached that contract by not paying the invoices for shipping services performed by Plaintiff, damages flowed therefrom because Plaintiff performed services without being compensated for them, and Plaintiff held up its end of the bargain because it

performed the shipping services contracted for. Plaintiff has pled the elements of this claim and put forth unchallenged facts which constitute a legitimate cause of action.

Under the *Chamberlain* factors, default judgment is appropriate. Plaintiff will suffer prejudice if default is denied because it has already waited more than two years to be paid for invoices rendered under the contract. The Defendant has not presented any facts or arguments to suggest it has a litigable defense for its breach of contract with Plaintiff. It is not clear if Defendant's failure to litigate is the result of willful or bad faith conduct, though it has failed to retain counsel for nearly a year since the filing of the complaint. Having considered these three factors, the Court finds that default judgment is appropriate.

## II.     Damages

Plaintiff seeks a sum certain of $370,096.13 from Defendant, which represents the outstanding balance owed by Defendant to Plaintiff as of October 21, 2013 when Plaintiff filed this motion. The Court has reviewed the Plaintiff's submissions and finds that this sum certain does accurately represent the amount Defendant owes to Plaintiff under the contract. *See* Harris Cert., Ex. B Cert. of David Reyes ¶¶ 3-8 (ECF No. 9-1). Judgment will be entered against Defendant in the amount of $370,096.13.

## CONCLUSION

Plaintiff's motion for default judgment is granted. Judgment is entered against Defendant in the amount of $370,096.13.

November 19, 2013

>                            **/s/ William H. Walls**
>                            United States Senior District Judge